## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BUCK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND COLLERHAN, et al. | : | NO. 02-5308 |

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                          August 25, 2003
UNITED STATES MAGISTRATE JUDGE

Presently before this court is a Petition for Writ of Habeas Corpus filed, *pro se*, pursuant to 28 U.S.C. § 2254. Richard Buck ("Petitioner") currently is incarcerated at the State Correctional Institution at Waymart, Pennsylvania. Petitioner seeks habeas relief based on alleged trial court errors. The Honorable John P. Fullam referred this matter to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). For reasons that follow, it is recommended that Petitioner's habeas petition be denied and dismissed without an evidentiary hearing.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

The facts leading up to Petitioner's arrest and conviction, as summarized by the Superior Court of Pennsylvania, are as follows:

> . . . On February 9, 1994, Larry Umbagino and Timothy Weinert were patrons at the Sunset Lounge in Philadelphia. Umbagino and [Petitioner] were seated on opposite sides of the bar. They stared at each other, and at some point Umbagino said to [Petitioner], "what are you staring at.
>
> Later, Umbagino proceeded to the bathroom. When he opened

---

[1] The facts contained in this section were obtained from the Petition for Writ of Habeas Corpus and Memorandum of Facts and Law in Support, the Commonwealth's Response to Petition for Writ of Habeas Corpus, inclusive of all exhibits thereto, and the record of the Court of Common Pleas of Philadelphia, Pennsylvania.

> the bathroom door, [Petitioner] was waiting with a gun. He fired a single fatal shot into Umbagino's chest. [Petitioner] next aimed the weapon at Weinert, who came into the bathroom after Umbagino. However, the gun jammed when [Petitioner] attempted to fire it. Weinert struggled with [Petitioner] and subdued him. In the process, Weinert struck [Petitioner] on the head several times and wrestled the gun away from him. Weinert then delivered the gun to the bartender to keep it from [Petitioner]. (*Internal citations omitted).*

*See Commonwealth v. Buck,* No. 327 at 1-2 (Pa. Super. 1999).

On October 13, 1998, following a waiver trial, the Honorable Gregory E. Smith found Petitioner guilty of third degree murder, possession of an instrument of crime and carrying a firearm on public streets or property. *See Commonwealth v. Buck,* No. 2208 (Ct. Com. Pl. Crim. Trial Div. Jan. 3, 1999). The court sentenced Petitioner on November 24, 1998 to an aggregate term of fifteen (15) to thirty (30) years of incarceration. The sentence was reduced, on December 15, 1998, to ten (10) to twenty (20) years of incarceration. *See id.*; *see also* Respondent's Brief ("Resp.") at 1. Petitioner appealed to the Superior Court of Pennsylvania.

On February 11, 1999, in his timely "preliminary" Statement of Issues Complained of on Appeal, filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), s*ee Commonwealth v. Buck,* no. 327 at 3 (Pa. Super. 1999), Petitioner asserted that he could not specify the issues to be raised on appeal, because he had not yet received a trial transcript. Without requesting an extension of time from the court, Petitioner informed the Court that he would file a more specific Rule 1925(b) statement within fourteen (14) days of his receipt of the notes of testimony. *See Commonwealth v. Buck,* No. 327 at 3 (Pa. Super, 1999). On February 23, 1999, twelve days after the deadline set by the court, Petitioner, in his "Supplementary Preliminary" Rule 1925(b) statement, reiterated his inability to identify his appellate issues, without the trial transcript. *See id.* Petitioner, nevertheless, advanced a weight of the evidence challenge. Petitioner, ultimately, argued three claims on appeal:

1.      [The] Trial judge err[ed] by directly considering against [Petitioner] his failure to testify and . . . reject self-defense.

2.      [T] Trial judge err[ed] by not requiring the Commonwealth to negate self-defense beyond a reasonable doubt.

3.      . . . the verdicts in the instant case [were] against the weight of evidence [because] the uncontested physical and scientific evidence against [Petitioner] supported his explanation that the shooting was in self-defense and the Commonwealth's testimonial evidence suggested his guilt only by speculation and conjecture.

*See Commonwealth v. Buck*, Nos. 327 at 2-3 (Pa. Super 1999).

The Superior Court ruled that, Petitioner's first two issues, that were not included in his Rule 1925(b) statement, were waived. *See id.* at 4-6. Petitioner's third issue, though properly preserved and addressed on its merits, was dismissed on December 4, 2000 and the judgment of sentence was affirmed. *See id.* at 6-9. On July 25, 2001, the Pennsylvania Supreme Court declined *allocatur*. *See Commonwealth v. Buck*, No. 0005 E.D. Alloc. Dkt. (Pa. 2001).

On July 24, 2002, Petitioner filed the instant counseled Petition for Writ of Habeas Corpus (Pet.). He asserts, *inter alia*, that the trial court improperly considered his failure to testify and, consequently, further erred in finding that he did not shoot the victim in self-defense. Pet. at 9. This court finds that both of Petitioner's Fifth Amendment claims are defaulted and, therefore, unreviewable.

## II. DISCUSSION

A      <u>Exhaustion</u>

It is well settled that, absent exceptional circumstances, a federal court will not entertain the claims of a habeas corpus petitioner until he has exhausted the available state remedies. *See* 28

3

U.S.C. § 2254(b)(1)(A);[2] *Rose v. Lundy*, 455 U.S. 509, 519 (1982); *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993), *aff'd* 30 F.3d 1488 (3d Cir. 1994).  *See also Picard v. Connor*, 404 U.S. 270, 275 (1971); *Brown v. Cuyler*, 669 F.2d 155, 157 (3d Cir. 1982).  The policy behind the total exhaustion doctrine is rooted in our tradition of comity: the state must be given the "initial opportunity to pass upon and correct" alleged violations of a petitioner's constitutional rights.  *See Picard v. Connor*, 404 U.S. at 275 (citing *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)); *see also Tillett v. Freeman*, 868 F.2d 106 (3d Cir. 1989).  Traditionally, to exhaust his claims, a petitioner must fairly present the identical claims (on both facts and theory) he wants the federal habeas court to review to all levels of the state judicial system, including the state's highest court.  *See Anderson v. Harless*, 459 U.S. 4 (1982); *Gibson v. Scheidmantal*, 805 F.2d 135 (3d Cir. 1986); *Evans v. Ct. Com. Pl.*, 959 F.2d 1227 (3d Cir. 1992) (stating that a claim must have been presented to intermediate appellate court, as well as state's highest court); *Brown v. Cuyler*, 669 F.2d 155 (3d Cir. 1982).

Petitioner, albeit improperly, presented his Fifth Amendment claims to two state appellate courts.  Thus, those courts had an opportunity to review and rule on the merits thereof.  To this extent, Petitioner's claims are exhausted.  However, since the state courts deemed Petitioner's claims waived, this federal courts must determine if the state court default also precludes habeas review.

---

[2] The exhaustion requirements of 28 U.S.C. § 2254 provide:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>> (B) (i) there is an absence of available State Corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant . . .
>
> (c) an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

B.    Independent and Adequate State Law Bar

A federal habeas court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *see also Harris v. Reed,* 489 U.S. 255, 260 (1989). "This rule applies whether the state law ground is substantive or procedural." *Id.* The *Reed* Court further provides that:

> In the context of direct review of a state court judgment, the independent and adequate state ground doctrine is jurisdictional. Because this Court has no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory.

*Id.* "A state rule provides an independent and adequate basis for precluding federal review of a state prisoner's habeas claims only if: 1) the state procedural rule speaks in unmistakable terms; 2) all state appellate courts refused to review the petitioner's claims on the merits, and 3) the state court's refusal in this instance is consistent with other decisions." *Doctor v. Walters,* 96 F.3d 675, 683-694 (3d Cir. 1996). This court finds Petitioner's claims to be subject to the independent and adequate state ground procedural bar.

First, the procedural rule that Petitioner violated was undisputable. Pennsylvania Rule of Appellate Procedure 1925(b) expressly requires that all appeal issues be identified, prior to briefing and/or oral argument. *See* Pa. R. A. P. 1925(b); *see also*, *Commonwealth v. Buck,* No. 327 at 2 (Pa. Super 1999); *Commonwealth v. Brown,* No. 1389 at 2-3 (Ct. Com. Pl. Phila. Cty. Nov. 25, 1997) (slip opinion). Petitioner did not list his Fifth Amendment claims in his Rule 1925(b) statements. Nor did he request additional time to itemize his claims. Accordingly, all state courts refused to determine the merits of Petitioner's Fifth Amendment claims. Pennsylvania Superior Court

5

addressed Petitioner's predicament as follows:

> In order to preserve their claims for appellate review, [Petitioners] must comply whenever the trial court orders them to file a statement of matters complained of on appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed as waived. [Petitioner's] first two issues on appeal appear nowhere in either of his Rule 1925(b) statements. Thus, **we deem [Petitioner's] first two issues waived.** (*Internal citations omitted)(emphasis added).*

*Commonwealth v. Buck,* No. 327 at 4 (Pa. Super 1999). Finally, the foregoing decision, correctly implemented state procedural rules and consistently applied caselaw. *See e.g. Commonwealth v. Lord,* 719 A.2d 306, 309 (Pa. 1998) ( holding "[I]n order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a statement of matters complained of on appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").

The fact that the Superior Court eventually addressed all three issues, including the two presented herein, finding them "not worthy of relief," did not resurrect Petitioner's defaulted claims, inasmuch as the court explicitly refused to overlook Petitioner's waiver. *Commonwealth v. Buck,* 327 at 4 (Pa. Super 1999) (stating "We've deem Petitioner's first two issues waived.") *See also Harris v Reed*, 489 U.S. 255, 263 (1989) (holding, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.") Nor does an alternative holding on the merits nullify the procedural bar. *See id.* at 264, n. 10. Accordingly, this court finds that an "independent and adequate" state ground may preclude federal review.

C.    <u>Cause and Prejudice</u>

This court could, nevertheless, excuse Petitioner's procedural default if he demonstrated

"cause" for the past procedural default *and* "prejudice" resulting from the default or show that the federal court's "failure to consider the claim will result in a fundamental miscarriage of justice." *Doctor,* 96 F.3d at 683; *see also Coleman,* 501 U.S. at 749. The existence of "cause" for a procedural default "must ordinarily turn on whether the Petitioner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To establish prejudice, Petitioner must show that errors at trial "worked to [Petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. Lastly, the "miscarriage of justice" exception requires Petitioner to adduce new evidence of his actual innocence. *See Schlup v. Delo,* 513 U.S. 298, 321 (1995).

Petitioner cannot meet cause and prejudice requirements. He has not demonstrated diligence in timely obtaining the trial transcript or, alternatively, in requesting that the court extend the time for him to file a final Rule 1925(b) statement. Thus, this Court finds no objective factor external to the defense that prevented compliance with the State procedural rule. Petitioner's attempt to excuse his explain this procedural deficiency in his case, by complaining that the trial court did not write the "offending" opinion until after his Rule 1925(b) statement was due, must fail. Once the trial court filed it's objectionable opinion, Petitioner should have filed an amended and comprehensive Rule 1925(b) statement. Had he done so, the trial court would have been forced to address the fresh assertions that the court violated the constitution in reaching its verdict. This Court finds that cause was not shown, thus, making the prejudice issue moot. *See Murray v. Carrier,* 477 U.S. 478, 488 (1986).

The actual innocence exception is inapplicable as well. Petitioner has presented no new

reliable evidence that shows no reasonable fact finder would have convicted him. *See Calderon v Thompson*, 118 S. Ct. 1489, 1503 (1998). Federal habeas corpus review is, therefore, inappropriate. Accordingly, this court makes the following:

## RECOMMENDATION

AND NOW, this 25th day of August 2003, for the reasons contained in the preceding report, it is hereby RECOMMENDED that the Petition for Writ of Habeas Corpus pursuant to U.S.C. § 2254 be DENIED without an evidentiary hearing. Petitioner has not met the procedural requirements to have his petition reviewed; therefore, he has not shown a denial of a constitutional right. Consequently, a certificate of appealability should not be issued.

_____
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE

8