IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    EX REL. RICHARD BUCK | : <br> : |
| vs. | : |
| RAYMOND COLLERHAN, Superintendent,<br>    State Correctional Institution<br>    at Waymart, PA., and the<br>DISTRICT ATTORNEY of Philadelphia<br>    County, and the<br>ATTORNEY GENERAL of the Commonwealth<br>    of Pennsylvania | : <br> CIVIL ACTION NO.02-5308 <br> : <br> : <br> : |

OBJECTIONS TO THE REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

Richard Buck, Petitioner, through counsel, Bradley S. Bridge, Assistant Defender, Karl Baker, Assistant Defender, Deputy Chief, Appeals Division, John W. Packel, Assistant Defender, Chief, Appeals Division, and Ellen T. Greenlee, Defender, respectfully objects to the Report and Recommendation of the Magistrate Judge and in support thereof states:

The trial judge at Richard Buck's trial improperly shifted the burden of proof to the defense and considered his failure to testify at trial against him. These constitutional violations only came to light when the trial judge, in his written opinion issued fourteen months after the trial, admitted this. On August 25, 2003 United States Magistrate Judge Carol Sandra Moore Wells concluded that because Petitioner failed to file objections to the trial

judge's written opinion, a procedure unheard of in Pennsylvania, he had waived his right to present these claims in the federal court and that his habeas corpus petition, therefore, should be denied and dismissed without an evidentiary hearing. Mr. Buck objects to the Magistrate's Report and Recommendation (hereinafter "Report and Recommendation") because there is no adequate and independent rule of waiver under Pennsylvania law in this situation. Further, the facts here would further establish "cause" for purposes of habeas corpus. This Honorable Court should reject the Report and Recommendation and should grant habeas corpus relief.

The facts are not in controversy. Mr. Buck waived his right to a jury trial and went to trial in state court before the Honorable Gregory Smith. On October 13, 1998 Judge Smith found him guilty of murder in the third degree and related offenses. Mr. Buck was sentenced on December 15, 1998 to a term of 10-20 years incarceration and timely appealed to the Pennsylvania Superior Court on January 14, 1999. On January 27, 1999, pursuant to Pennsylvania Rule of Appellate Procedure 1925, the trial judge asked Mr. Buck to file a concise statement of the issues he intended to present on appeal to the Superior Court (Order attached hereto as Exhibit "A"). The purpose of Rule 1925 is to assist the appellate court in resolving the issues by getting the trial judge's explanation for any rulings made. Accordingly counsel is required to file a Statement Of Issues to which the trial is

required to respond in an opinion. Issues not raised in a requested "Statement Of Matters Complained Of On Appeal" can be considered waived.

Mr. Buck filed a "Preliminary" Rule 1925(b) Statement on February 11, 1999 and a "Supplemental Preliminary" Rule 1925(b) Statement on February 23, 1999 (Attached hereto as Exhibits "B" and "C"). At the time counsel filed the "Preliminary" and "Supplemental" Statements he had not yet received the notes of testimony from Mr. Buck's trial so a precise presentation of any appellate issues was made difficult. On January 3, 2000 Judge Smith filed his §1925 Opinion in which he, for the first time, indicated that he had considered Mr. Buck's failure to testify against him and had shifted the burden to the defense to prove its defense[1].

---

[1] In his written opinion, Judge Smith explained why he rejected Mr. Buck's self-defense claim:

> ***The one version of the evening (sic) events which the court did not hear was the defendant's*** who in an unsigned statement claimed to have no recollection of the incident (N.T. 10-5-98 p. 137-141). . . The court rejected the defense theory proffered in counsel's opening statement that the defendant acted in self defense in response to being robbed. This theory was rejected for the simple reason ***that there was no concrete evidence to support it.*** Defense counsel solicited testimony during cross examination that the defendant's personal items were found on the bathroom floor. This fact hardly established that the defendant was robbed,

(continued...)

3

Rather than address the constitutional issues involved, the Pennsylvania Superior Court ducked the issues, ruling that they had been waived because Mr. Buck did not present these issues in his Rule 1925(b) Statements - - even though those Statements were filed over ten months ***before*** the trial judge's §1925 Opinion which contained the offending admission.

In his habeas petition, Mr. Buck discussed the "waiver" issue (Memorandum In Support Of Petition For Writ Of Habeas Corpus at 10, fn. 1) as well as the merits. The prosecutor in response contended that the issues had been waived (Response To Petition For Writ Of Habeas Corpus at 6) but, in the alternative, responded to the merits. On August 25, 2003 Magistrate Judge Carol Sandra Moore Wells declined to discuss the merits of the constitutional issues involved here, recommending that the habeas petition be denied and dismissed without an evidentiary hearing because, "Once the trial court filed it's (sic) objectionable opinion, Petitioner should have filed an amended and comprehensive Rule 1925(b) statement." Report and Recommendation at 7.

The Report and Recommendation is in error because Pennsylvania does not have an adequate and independent rule of waiver in this

---

[1](...continued)
    instead this evidence was consistent with the
    testimony of Mr. Weinert that he knocked the
    defendant to the floor while he wrestled the
    gun from his hand.

Opinion of Smith, J. at 3-4 (emphasis supplied).

4

situation. Moreover, there is no procedure in Pennsylvania for multiple responsive Statements Of Matters Complained Of On Appeal by counsel and Opinions by the trial judge as posited by the Report and Recommendation, thereby establishing the requisite "cause" for the habeas court to reach the merits of the issues.

To understand the error in the Report and Recommendation's conclusion that the state court finding of waiver constituted a procedural bar for habeas relief, one must understand the structure of Rule 1925. The Rule places the discretion on the trial court to request that counsel file a Statement Of Matters Complained Of On Appeal: "The lower court forthwith **may** enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of matters complained of on appeal. . ." Pa.R.App.P. 1925(b)(emphasis supplied). Here, the trial judge made such a request and Petitioner, to the extent it was possible without notes of testimony, complied with the request by filing a Preliminary and Supplemental Statement of Matters. The trial judge did not issue an additional order requesting that counsel file an additional Statement of Matters. In <u>Commonwealth v. Hess</u>, ___ Pa. ___, 810 A.2d 1249 (2002) the Pennsylvania Supreme Court held that if counsel did not receive a copy of the trial court's order to file a Statement Of Matters Complained Of On Appeal, no issues are waived by the failure to file a Statement Of Matters. If that is true, then certainly if the trial judge did

5

not request that counsel file an additional Statement Of Matters no additional issues can be waived.

The Pennsylvania Superior Court concluded that, upon pain of waiver, counsel was required to list as an appellate issue what the trial judge would ten months later write in the judge's §1925 Opinion. See Commonwealth v. Buck, slip decision at 4. The Report and Recommendation did not adopt the Superior Court's requirement that defense counsel must be clairvoyant and predict what the judge would write in order to avoid waiver. Instead, the Report and Recommendation suggests that defense counsel, after reading the judge's §1925 Opinion, was obligated to go back to the trial judge and file an unrequested Statement Of Matters Complained Of On Appeal.

The only case cited by the Report and Recommendation for this novel proposition of waiver is Commonwealth v. Lord, 553 Pa. 415, 719 A.2d 306 (1998)(Report and Recommendation at 6). However, in Lord the Pennsylvania Supreme Court dealt with the interplay between Pa.R.App.P. 1925(b) and Pa.R.Crim.P. 1410. Because the law was unsettled as to whether the failure to raise an issue in a 1925(b) Statement Of Matters would lead to waiver because of Rule 1410, the Lord Court remanded so that the appellant there would file a Supplemental 1925(b) Statement. Lord specifically refused to find waiver.

6

As applicable here, Lord would suggest that a remand to permit an appellant to file a Supplemental 1925(b) Statement Of Matters would be appropriate where the law is unclear about whether there would be a waiver by the failure to list an issue in a 1925(b) Statement Of Matters. The fact that the Superior Court did not do so demonstrates that the waiver rule relied upon by the Report and Recommendation does not have an adequate and independent basis. This is critical because if the waiver rule utilized by the Superior Court is not firmly established and regularly followed, it cannot serve as the procedural bar envisioned by the Report and Recommendation.

Not all state bar rules can prevent merits review by the federal habeas courts. To be valid and enforceable in federal court, the state court procedural rule must be "adequate" and "independent." Whether a state court procedural bar may preclude federal court review is a federal question. Johnson v. Mississippi, 486 U.S. 578, 588 (1988). In order for a state court procedural bar rule to be deemed "adequate" to preclude federal court merits review, the state court rule must have been "clear," "unmistakable," and "firmly established and regularly followed" at the time that the petitioner purportedly violated the rule. Ford v. Georgia, 498 U.S. 411, 423-24 (1991) (state rule must be "firmly established and regularly followed" at the time that the purported waiver occurs); Johnson v. Mississippi, 486 U.S. 578, 588 (1988)

7

("[A] state procedural ground is not 'adequate' unless the procedural rule is 'strictly or regularly followed.'" quoting and citing, Barr v. City of Columbia, 378 U.S. 146, 149 (1964)); Hathorn v. Lovorn, 457 U.S. 255, 262-263 (1982); James v. Kentucky, 466 U.S. 341, 346, 348 (1984) (state rule must be "clear," "firmly established and regularly followed"); Ulster County Ct. v. Allen, 442 U.S. 140, 150-51 & nn.8-9 (1979) (state rule must be "clear").

More recently, Judge Brody in Baker v. Horn, 210 F.Supp. 2d 592, 630-631 (E.D. Pa. 2002)(quoting Doctor v. Walters, 96 F.3d 675, 683-684 (3d Cir.1996)) viewed a state procedural rule as being independent and adequate, "if (1) the state procedural rule speaks in unmistakable terms; (2) all state courts refused to review the petitioner's claims on the merits; **and** (3) the state courts' refusal in this instance is consistent with other decisions." The facts here demonstrate that, at most, only the second element has been met[2]. The procedural rule, 1925(b), only requires counsel to file a Statement of Matters in response to a judge's specific request. There was no request here by the judge after the judge wrote his 1925(b) Opinion. Hence, that counsel did not file a Statement Of Matters <u>after</u> the judge's decision is understandable and consistent with the Rule. In addition, to find

---

[2] It is not even clear that this element has been met. The Superior Court, after concluding that the instant issues had been waived, proceeded to discuss them on the merits.

8

waiver in this instance is inconsistent with at least two Pennsylvania Supreme Court decisions: <u>Lord</u> and <u>Hess</u>.

The Commonwealth bears the burden of proving that a state procedural bar is adequate and independent. As described above, the Commonwealth's procedural default assertions are not based upon an adequate and independent state ground and, accordingly, neither of the claims presented in this habeas petition should have been procedurally defaulted. They can, and should, be addressed on the merits by this Court.

In addition, even a legitimate procedural default could be excused if there existed "cause" for the default and "prejudice" resulting from the failure to consider the claim that a miscarriage of justice would result. Report and Recommendation at 7. Here, "cause" is established by the fact that Rule 1925(b) does not permit counsel to file an unrequested Statement Of Matters <u>after</u> reading the judge's 1925(b) opinion. Rule 1925(b) is clear: a Statement of Matters can only be filed <u>after</u> requested by the trial judge. It cannot be filed simply because an appellant wants to be helpful or because the trial judge did a poor job in writing his or her 1925(b) Opinion. That an additional Statement of Matters was not requested by the trial judge demonstrates that counsel should be forgiven for not being clairvoyant. The Report and Recommendation's suggestion that Petitioner should have filed an amended and comprehensive Rule 1925(b) statement is not based upon

any Pennsylvania law and, in fact, is inconsistent with <u>Hess</u> and <u>Lord</u>. There are no reported Pennsylvania decisions finding, or even remotely suggesting, waiver in the circumstances at bar.

The prejudice is similarly clearly established. The facts, as discussed in the habeas petition, demonstrate a substantial self-defense claim, a claim that if accepted would have lead to a not guilty verdict because Petitioner was not guilty of a killing with malice. The trial judge rejected that self-defense claim because of two constitutional errors: first, by considering Mr. Buck's failure to testify against him and, second, by shifting the burden of proof on the defense to establish self-defense.

The trial judge in Mr. Buck's non-jury trial admitted in a written decision after trial that he had considered Mr. Buck's failure to testify and had improperly shifted the burden of proof on self-defense to the defense. Though raised on appeal, the state appellate court concluded that these issues were waived because of Mr. Buck's failure to anticipate this startling acknowledgment and raise them as issues in his Statement Of Matters Complained Of On Appeal. However, counsel only became aware of these issues when the trial judge wrote his 1925(b) Opinion which was ten months after counsel filed his Statement Of Matters. The Report and Recommendation relied upon this procedural bar even though at least two Pennsylvania cases (<u>Lord</u> and <u>Hess</u>) demonstrate that there can

be no waiver under these facts. This Court should reject the Report and Recommendation and should grant habeas corpus relief.

      Respectfully submitted,

      _____
      BRADLEY S. BRIDGE, Assistant Defender
       Identification No. 39678
      JOHN W. PACKEL, Assistant Defender
       Chief, Appeals Division
      ELLEN T. GREENLEE, Defender

# EXHIBIT A

RECEIVED
JAN 28 1999
CRIMINAL APPEALS/POST TRIAL UNIT

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | FEBRUARY TERM, 1994 |
| vs. | : | |
| RICHARD BUCK | : | No. 2208 |

### ORDER

AND NOW, this 27th day of JANUARY 1999, Appellant, RICHARD Buck, is hereby ORDERED to file a Statement of Matters Complained Of On Appeal no later than 14 days after entry of this order, in compliance with Pennsylvania Rule of Appellate Procedure 1925(b).

BY THE COURT:

_____
GREGORY E. SMITH,                J.

# EXHIBIT B

Case 2:02-cv-05308-JF   Document 14   Filed 09/23/2003   Page 14 of 19

DEFENDER ASSOCIATION OF PHILADELPHIA
BY:  Ellen T. Greenlee, Defender and
     John W. Packel, Assistant Defender
Identification No. 13255
70 North 17th Street
Philadelphia, PA 19103
(215) 568-3190

Attorney for **RICHARD BUCK**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br><br>VS.<br><br>RICHARD BUCK | THE COURT OF COMMON PLEAS<br>CRIMINAL TRIAL DIVISION<br><br>FEBRUARY TERM, 1994<br>NO. 2208<br><br>CHARGES: Murder<br><br>TRIAL JUDGE: GREGORY E. SMITH |

## PRELIMINARY STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

TO THE HONORABLE GREGORY E. SMITH:

The above named defendant, by his attorneys, John W. Packel, Assistant Defender, Chief, Appeals Division, Karl Baker, Assistant Defender, Deputy Chief, Appeals Division, and Ellen T. Greenlee, Defender, files the following Preliminary Statement of Matters Complained of on Appeal:

1. Counsel has not yet received all the necessary notes of testimony in the captioned matter and therefore cannot specify in any detail what issues will be raised on appeal. Missing are the notes of testimony from trial (10/5,6/98 & 10/13/98) and sentencing (11/24/98, 12/15/98).

   An order for these notes of testimony is attached.

2. Counsel does intend to raise on appeal any issues presented by and/or supported by the record of trial, pre-trial and post trial proceedings including, but not limited to, issues:

   a) arising from the denial or an overruling of any defense objection at any proceedings.

b) the sustaining of any Commonwealth objections.

c) any limitation or exclusion of cross-examination or impeachment.

d) the exclusion of any evidence or testimony proffered by the defense.

e) the denial of any motion to suppress statements, physical evidence or identification based on claims under Pennsylvania law, the Pennsylvania Constitution or the Constitution of the United States

f) relating to improper prosecutorial comment, conduct, or argument at any proceeding.

g) issues relating to the voir dire, selection or exclusion of jurors.

h) issues relating to sentencing, including the presentation of impermissible factors, the failure to give appropriate reasons for the sentence imposed, sentencing disparity, exceeding appropriate Sentencing Guidelines, failure to abide by the Sentencing Guidelines on the Sentencing Code, the excessiveness or unreasonableness of sentence, the illegality of sentences, the imposition of improper or inappropriate sentencing terms or conditions.

3. Counsel has ordered the necessary notes of testimony and requested that they be delivered to counsel's attention. Counsel will file a more specific and focused Statement of Matters Complained of within 14 days of receipt of those notes of testimony.

Respectfully submitted,

John W. Packel, Assistant Defender,
Chief, Appeals Division
Karl Baker, Assistant Defender,
Deputy Chief, Appeals Division
Ellen T. Greenlee, Defender

# EXHIBIT C

DEFENDER ASSOCIATION OF PHILADELPHIA
BY:   Ellen T. Greenlee, Defender and
       John W. Packel, Assistant Defender
Identification No. 13255
70 North 17th Street
Philadelphia, PA 19103
(215) 568-3190

Received Accepted For
Review Only

FEB 2 3 1999

Criminal Appeals Unit
First Judicial District of PA

Attorney for RICHARD BUCK

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | THE COURT OF COMMON PLEAS CRIMINAL TRIAL DIVISION |
| VS. | FEBRUARY TERM, 1994 NO. 2208 |
| RICHARD BUCK | CHARGES: Murder |
| | TRIAL JUDGE: GREGORY E. SMITH |

### SUPPLEMENTARY PRELIMINARY STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

TO THE HONORABLE GREGORY E. SMITH:

    The above named defendant, by his attorneys, John W. Packel, Assistant Defender, Chief, Appeals Division, Karl Baker, Assistant Defender, Deputy Chief, Appeals Division, and Ellen T. Greenlee, Defender, files the following Preliminary Statement of Matters Complained of on Appeal:

1. Counsel has not yet received all the necessary notes of testimony in the captioned matter and therefore cannot specify in any detail what issues will be raised on appeal. Missing are the notes of testimony from trial (10/5,6/98 & 10/13/98) and sentencing (11/24/98, 12/15/98).

2. As the verdict was against the weight of the evidence a new trial should be granted in the interests of justice.

3. The evidence was legally insufficient to establish guilt beyond a reasonable doubt.

Respectfully submitted,

_____
John W. Packel, Assistant Defender
   Chief, Appeals Division
Karl Baker, Assistant Defender,
   Deputy Chief, Appeals Division
Ellen T. Greenlee, Defender