October 8, 2003

Honorable John P. Fullam
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 15614
Philadelphia, PA  19106

        Re:    **Buck v. Collerhan, et al.**
                <u>**Civil Action No. 02-5308**</u>

Dear Judge Fullam,

      Enclosed please find a copy of our Response to Objections to the Report and Recommendation of the Magistrate Judge, the original of which has been filed with the Clerk.

                                          Respectfully submitted,


                                          J. HUNTER BENNETT
                                          Assistant District Attorney

/jhb
Enclosure

cc:    Bradley Bridge, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BUCK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RAYMOND COLLERHAN, et al. | : | NO.   02-5308 |

## RESPONSE TO OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

In his Objections to Judge Wells' Report and Recommendation petitioner argues that:

> The Report and Recommendation is in error because Pennsylvania does not have an adequate and independent rule of waiver in this situation. Moreover, there is no procedure in Pennsylvania for multiple responsive Statements of Matters Complained of On Appeal by counsel and Opinions by the trial judge as posited by the Report and Recommendation, thereby establishing the requisite "cause" for the habeas court to reach the merits of the issues.

Objections at 5.  Petitioner is incorrect.

Judge Wells concluded that petitioner's claims of trial court error were waived by operation of an adequate and independent state procedural rule.  Specifically, petitioner did not include them in a Statement of Matters Complained of On Appeal filed pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, which states:

> The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order.  A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pa.R.A.P. 1925(b).  This holding was correct.

The trial judge in this case, the Honorable Gregory E. Smith, entered an order on January 27, 1999, directing petitioner to file a 1925(b) statement within 14 days.  On February 11, 1999, petitioner filed a "**Preliminary** Statement of Matters Complained of On Appeal", alleging that he had not yet received "all the necessary notes of testimony" and therefore, could not "specify in any detail what issues will be raised on appeal."  See Objections, Exhibit B (emphasis added).  He promised to "file a more specific and focused Statement of Matters Complained of within 14 days of receipt of those notes of testimony."  Id.

Twelve days later, petitioner filed a "Supplementary **Preliminary** Statement of Matters Complained of On Appeal" indicating once again that he had not yet received "all the necessary notes of testimony" and therefore, still could not "specify in any detail what issues will be raised on appeal."  See Objections, Exhibit C (emphasis added).  He did, however, raise a claim that the verdict was against the weight of the evidence.  Despite the caption of this document, which clearly indicated that this was only a "preliminary" 1925(b) statement, petitioner never filed another Statement of Matters Complained of On Appeal.  **To date, petitioner has yet to comply with Judge Smith's 1999 Order directing him to file a "Statement of Matters Complained of on Appeal"** -- not a "Preliminary Statement of Matters Complained of on Appeal" or a "Supplementary Preliminary Statement of Matters Complained of on Appeal."

Petitioner alleges that he was under no obligation to file "an additional Statement of Matters [Complained of on Appeal]" following Judge Smith's issuance of his Opinion because Judge Smith "did not issue an additional order requesting that counsel file an additional Statement of Matters."  Objections at 5.  This argument fails to account for the

fact that **petitioner never complied with Judge Smith's original order**. Petitioner's assertion that, absent an "additional" order, he had no obligation to file a 1925(b) statement after Judge Smith issued his opinion assumes that the issuance of that opinion relieved him of his duty to comply with Judge Smith's initial order. The plain language of Rule 1925(b) certainly does not indicate that the filing of a 1925(a) Opinion relieves a petitioner of the duty to obey a judicial order to file a 1925(b) statement. Nor does petitioner cite a single case supporting that dubious proposition.

The law in Pennsylvania is clear:

> [I]n order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.

Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 1998). Petitioner had not complied with Judge Smith's order to file a 1925(b) statement by the time that Judge Smith filed his opinion. The issuance of this opinion did not relieve petitioner of his duty to file a 1925(b) statement. If he wanted to preserve his claims for appeal, he should have filed his 1925(b) statement after the opinion was issued and included his new claims which were based upon the language in Judge Smith's opinion. He did not do so and, accordingly, the Superior Court correctly held that his claims were waived. See Lord, supra.

The two Pennsylvania cases that petitioner cites in his brief are completely inapposite. In Commonwealth v. Hess, 810 A.2d 1249 (Pa. 2002), the Supreme Court of Pennsylvania held that the defendant had no obligation to file a Rule 1925(b) statement where the defendant explained that he had never received the court's Order directing him to file one and the District Attorney attested that no such order had ever been served upon

the Commonwealth.  Here, it is undisputed that petitioner received timely notice of Judge Smith's Order to file a 1925(b) statement.  His failure to comply with this Order was not the result of a lack of notice but rather, a conscious choice.  Therefore, <u>Hess</u> is of no help to petitioner.

Petitioner makes much of <u>Lord</u>'s holding that its new rule would be applied prospectively only and suggests that it would be unfair to require him to file an "additional" 1925(b) statement since, he alleges, no court has ever held that a defendant is required to file a supplemental 1925(b) statement after the issuance of the trial court opinion.  Again, petitioner simply ignores the fact that he did not comply with the judge's initial order to file a 1925(b) statement.  This is not a situation in which the petitioner was being asked to file a supplemental 1925(b) statement in addition to his earlier Statement of Matters Complained of On Appeal.  Rather, this is simply a case in which a petitioner **never** complied with a judicial order to file a Statement of Matters Complained of On Appeal.  Accordingly, it fits squarely within the four corners of <u>Lord</u>.

Petitioner also argues that he has established cause for his default because "Rule 1925(b) does not permit counsel to file an unrequested Statement of Matters <u>after</u> reading the judge's 1925(b) opinion.  Rule 1925(b) is clear: a Statement of Matters can only be filed <u>after</u> requested by the trial judge."  Objections at 9.

Nothing in the language of Rule 1925(b) prohibits a petitioner from filing an "unrequested" 1925(b) statement.  Apparently, petitioner believes that since the rule does not explicitly state that petitioners may file unsolicited 1925(b) statements, they may not do so.  It is surprising that he would interpret the rule in this manner since he filed both a "Preliminary Statement of Matters Complained of on Appeal" and a "Supplementary

Preliminary Statement of Matters Complained of on Appeal" – neither of which is expressly permitted by the rule.  More importantly, as explained above, petitioner never complied with Judge Smith's initial request to file a 1925(b).  Thus, even if petitioner's unprecedented interpretation of Rule 1925(b) is correct, he could have, and should have filed a 1925(b) statement after Judge Smith issued his opinion.

In any event, petitioner cannot establish "prejudice" as a result of the Court's failure to review his claims.  As explained in respondents' Response to Petition for Writ of Habeas Corpus, petitioner's claims are based upon a tortured (mis)interpretation of Judge Smith's opinion and, accordingly, are completely meritless.  <u>See</u> Response to Petition for Writ of Habeas Corpus at 8-13.

WHEREFORE, respondents respectfully request that the Petition for Writ of Habeas Corpus be dismissed with prejudice and without a hearing.

Respectfully submitted,


J. HUNTER BENNETT
Assistant District Attorney


THOMAS W. DOLGENOS
Chief, Federal Litigation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BUCK | : | CIVIL ACTION |
| | : | |
| vi. | : | |
| | : | |
| RAYMOND COLLERHAN, et al. | : | NO.   02-5308 |

## CERTIFICATE OF SERVICE

    I, J. HUNTER BENNETT, hereby certify that on October 8, 2003, a copy of the foregoing pleading was served by placing same, first class postage prepaid, in the United States Mail addressed to:

    Bradley Bridge, Esquire
    Defender Association of Philadelphia
    1441 Sansom Street
    Philadelphia, PA  19102

 

_____
J. HUNTER BENNETT
Assistant District Attorney
District Attorney's Office
1421 Arch Street
Philadelphia, PA  19102
(215) 686-9899