=              IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD BUCK                           :    CIVIL ACTION
                                       :
     v.                                :
                                       :
RAYMOND COLLERHAN, et al.              :    NO. 02-5308

MEMORANDUM AND ORDER

Fullam, Sr. J.                                  December    , 2003

      The United States Magistrate Judge to whom this case was referred for report and recommendation has filed a report recommending that Richard Buck's petition for writ of habeas corpus be denied without a hearing, because his claims have all been procedurally defaulted, by virtue of a Pennsylvania procedural rule (Rule 1925(b)) which requires defendants intending to appeal their convictions to file with the trial court a statement of the issues to be raised on appeal, so that the trial court can file an opinion addressing those issues. Under the rule, issues not so specified are deemed waived.

      Petitioner was convicted of third-degree murder and related crimes in October 1998, at a non-jury trial. Sentence was imposed in November 1998. The trial court filed an opinion explaining his decision in January 1999, and also directed petitioner's counsel to file the Rule 1925(b) statement by February 11, 1999. Petitioner's counsel filed a report stating

1

that he was unable to comply with that deadline, because the notes of testimony had not yet been transcribed. He later filed a supplementary preliminary statement of appellate issues, on February 23, 1999, stating that the notes of testimony were still not available, but that he intended to assert on appeal that the verdict was against the weight of the evidence and that the trial court had erred in every trial ruling which was adverse to the defendant.

In his brief of appeal, petitioner's counsel raised three issues: (1) that the trial judge erred by drawing adverse inferences from the defendant's failure to testify; (2) that the trial judge erred by relieving the Commonwealth of its burden of proof on the issue of self-defense; and (3) the verdict was against the weight of the evidence. The Superior Court ruled that the first two issues were procedurally defaulted because of the non-compliance with Rule 1925(b). The Superior Court did, however, as an alternative basis for its decision, opine that all three issues were lacking in merit.

In this court, petitioner makes the quite reasonable argument that he should not have been required to specify appellate issues until after a transcript of the trial testimony became available. I agree that, at least as to possible grounds for reversal based upon what occurred at trial, a holding that all such grounds for appellate relief were waived even though the

2

trial transcript was not available, would indeed give rise to serious due process concerns.  In the circumstances of this case, however, petitioner has no grounds for complaint: The only issues raised on appeal, and the only federal claim raised in his present habeas corpus petition, were well known to him and his counsel, and could readily have been included in a Rule 1925(b) statement.  The claim that the trial judge violated petitioner's constitutional rights by drawing adverse inferences from his failure to testify at trial is based entirely upon statements made in the post-trial opinion of the trial judge, which was filed on January 3, 1999 ("The one version of the evening events which the court did not hear was the defendant's who in an unsigned statement claimed to have no recollection of the incident ... after all sides were fully heard the court determined that the defendant shot and kill (sic) the victim for no apparent reason.  The court rejected the defense theory proffered in counsel's opening statement that the defendant acted in self-defense in response to being robbed.  This theory was rejected for the simple reason that there was no concrete evidence to support it ... the Commonwealth's evidence was undisputed, and when viewed in its totality was more than sufficient to establish the defendant's guilt of each crime beyond a reasonable doubt.")  In his partial Rule 1925(b) statements, petitioner's counsel did raise as an issue the

sufficiency of the evidence, and there is no apparent reason why he could not also have specified the other two issues, which were clearly known to him well in advance of the deadline.

As mentioned above, the Superior Court did, as an alternative to its waiver ruling, dismiss all three of appellant's claims on the merits. I deem it appropriate, also, as an alternative basis for decision, to address the merits. There is undoubtedly some basis for concluding that the trial court, as the finder of fact, may have drawn adverse inferences from petitioner's failure to testify at trial. On the other hand, the Superior Court's conclusion to the contrary is not unreasonable. The trial court was reviewing the trial evidence, and it is a fact that petitioner did not testify at trial. There can be no doubt that the principal thrust of the trial court's opinion is that he accepted as credible and correct the testimony of Commonwealth witnesses Weinert, Jones, and Thompson; their testimony is utterly inconsistent with a claim of self-defense. I am aware of no basis for rejecting the factual and legal determinations of the state courts on these issues.

For all of the foregoing reasons, the petition for a writ of habeas corpus will be denied.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD BUCK                             :         CIVIL ACTION
                                         :
    v.                                   :
                                         :
RAYMOND COLLERHAN, et al.                :         NO. 02-5308

<u>ORDER</u>

AND NOW, this      day of December 2003, upon consideration of the Report and Recommendation of the United States Magistrate Judge Carol Sandra Moore Wells, and petitioner's objections to that report, IT IS ORDERED:

1. Petitioner's objections to the magistrate's Report and Recommendation are OVERRULED.

2. The petition of Richard Buck for a writ of habeas corpus is DENIED.

3. Inasmuch as petitioner has raised a not-insubstantial constitutional issue (whether the state trial judge violated petitioner's constitutional rights by rejecting his self-defense theory because petitioner did not testify at trial, and whether, in so doing, the trial judge mis-applied the burden of proof on the issue of self-defense), a certificate of appealability is issued.

_____          John P. Fullam, Sr. J.